Citizen of State of New York 's pro se Application, as to:
AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, § 2242, 2242, and 2243 with Writ of Certiorari

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

Anthony Davis, a Citizen )
of State of New York )
)
_____ )
*Petitioner* )
)
v. ) Case No. _____
) (Supplied by Clerk of Court)
David Ortiz, as to IMMEDIATE )
CUSTODIAN d/b/a WARDEN OF FCI )
FORT DIX, JBMDL NJ 08640-0902 )
)
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

RECEIVED
FEB - 9 2021
AT 8:30____ M
WILLIAM T. WALSH
CLERK

CITIZEN OF STATE OF NEW YORK 'S APPLICATION AND
PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 & §§ 2242 & 43

### Personal Information

1. (a) Your full name: Anthony Davis
   (b) Other names you have used: N/A
2. Place of confinement: State of New Jersey
   (a) Name of institution: FEDERAL CORRECTIONAL INSTITUTION FORT DIX ("FCI" FORT DI:
   (b) Address: 5756 Hartford & Pointville Rd., JBMDL NJ 08640-090200

   (c) Your identification number: [Federal Register No.: 68592-054]
3. Are you currently being held on orders by:
   ☐ Federal authorities    ☐ State authorities    ☒ Other - explain:    By a United States District Court for District of New York.
4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
     If you are currently serving a sentence, provide:
     (a) Name and location of court that sentenced you: N/A
     (b) Docket number of criminal case: N/A
     (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*: N/A

### Decision or Action You Are Challenging

5. What are you challenging in this petition:   Execution by and in State of New Jersey a Sentence purportedly issued by a USDC sitting in State of N.Y.
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): N/A

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: N/A
   (b) Docket number, case number, or opinion number: N/A
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): N/A
   (d) Date of the decision or action: N/A

## Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes   ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: N/A
       (2) Date of filing:
       (3) Docket number, case number, or opinion number:
       (4) Result:
       (5) Date of result:
       (6) Issues raised: N/A

   (b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes   ☐ No

(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: N/A
   (2) Date of filing: N/A
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised: N/A

(b) If you answered "No," explain why you did not file a second appeal: N/A

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes      ☐ No
(a) If "Yes," provide:
   (1) Name of the authority, agency, or court: N/A
   (2) Date of filing:
   (3) Docket number, case number, or opinion number:
   (4) Result:
   (5) Date of result:
   (6) Issues raised: N/A

(b) If you answered "No," explain why you did not file a third appeal: N/A

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
☐ Yes      ☐ No    N/A
If "Yes," answer the following:
(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
   ☐ Yes      ☐ No    N/A

<mark>AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241</mark>

If "Yes," provide:
(1) Name of court: N/A
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes      ☐ No

If "Yes," provide:
(1) Name of court: N/A
(2) Case number:
(3) Date of filing:
(4) Result:
(5) Date of result:
(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes      ☐ No

If "Yes," provide:
(a) Date you were taken into immigration custody: N/A
(b) Date of the removal or reinstatement order: N/A
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes      ☐ No

<mark>Page 5 of 9</mark>

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

*N/A*

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes            ☐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

*N/A*

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes            ☐ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

*N/A*

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

*N/A*

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** NAME IMMEDIATE CUSTODIAN, ACTING THROUGH FCI FORT DIX NJ'STAFF CASE MANAGER SYSTEM IN VIOLATION OF THE 14th AMENDMENT'S DUE PROCESS AND EQUAL PROTECTION OF LAW, SETTLED STATE OF NEW JERSEY LAW, AND UNCONTRADICTED USDC JUDGE BUMB'S RULING OF LAW- REFUSES TO ALLOW APPLICANT ELIGIBILITY AND AWARD OF COMMUTATION AND WORK CREDITS THAT SHORTEN SENTENC

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: Applicant has not been accused of nor convicted of a crime by or in the State of New Jersey. He is only serving a sentence in the State pursuant to N.J.'s laws making it legal to incarcerate other States' citizens in this State's correctional institutions. Under N.J.'s laws: N.J.S.A. 30: 4-140 and 30: 4-92 "For every year or fractional part of a year" and "inmates of all correctional institutions within...the State" all eligible and awarded work and commutation credits. By Congress, ruled USDC J. Bumb; (CONT

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: N/A

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes   ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes   ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.):* N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes              ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

**Request for Relief**

15. State exactly what you want the court to do: I request relief stated at 28 U.S.C. § 2243 of the Code of Laws of the United States, namely:

(1) Unless this Court finds it appears from this Application and Petition I am not entitled to Writ of habeas corpus judicial inquiry; to:

(2) [F]orthwith issue Writ of habeas corpus discharge from Immediate Custodian's executive fiat prohibiting all citizen Inmates from other States incarcerated in Correctional Institution in State of New Jersey eligibility for time credits toward release date;

(3) [O]r issue an Order directing Immediate Custodian to make the return of the record that Certify lawful authority to hold void both State of New Jersey laws and Act(s) of Congress granting citizen Inmates time credits towards release date within the State of New Jersey;

(4) [T]hat when Immediate Respondent makes the return to the Court that a date and time for a hearing be set, not more than five days afterwards; and,

(5) [W]here Immediate Custodian fails or refuses to make the return of the record Certifying the lawful authority being followed to incarcerate citizen Inmates from other States in the State of New Jersey without equal protection of law and due process of law as is provided all local New Jersey citizens identically situated and are natural born citizens of the United Staters.

✗ Date: 1/31/2021              ✗ Signature: *[signature]*

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
N/A        (See: Certificate of Service and Payment Below)

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

✓ Date: 1/31/2021        ✗ _[signature]_
　　　　　　　　　　　　　　　*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

### Certificate of Service and Payment
### of $5 (Five Dollar) Nominal Filing Fee

I, _____, do Certify that on this ____ day of January, 2021, I mailed, postage pre-paid, the Original and two copies of the aforgoing Application and Petition for Writ of habeas corpus with request for Certiorari to the Federal U.S. District Court for the District of New Jersey, Camden Division, via Clerk of the United States District Court; and,

Because FCI does not allow citizens by placing said Application in Correctional Institution's U.S. mail box, Inmates incarcerated in New Jersey on execution of Sentences from other States- the right, to pay court fees except after review and approval at FCI; that often takes 30 days (or more):

I further certify that my Family, in my home State of New York, has agreed to pay the aformentioned fee by sending it by certified mail with postage pre-paid within 72 hours (3 days) after the date I mailed the aforegoing Application to Federal United States District Court from within FCI FORT DIX. Said mailed $5 nominal filing Fee will be addressed to the Federal U.S.D. Court c/o Clerk of the United State District Court, Camden Division, N.J., via Clerk of the United States District Court, identifying the $5 fee is for Davis, Anthony v. Immediate Custodian Ortiz as the object of the filing fee, and there will be a return receipt requestd.

✗ Date: 1/31/2021        ✗ Signature: _[signature]_

CONTINUATION OF
GROUND ONE:

in GOODMAN v. ORTIZ, 2020 U.S. Dist LEXIS 153874 (August 2020), explained and ruled as a matter of law:

"The First Step Act, Public Law No. 115-015, 132 Stat. 015 (2018), signed into law on December 21m 2018, provides comprehensive federal criminal justice reform by, inter alia, creating a new risk and needs assessment system to provide appropriate programming for prisoner... Musgrove v. Ortiz, No. CV 19-5222 (NLH), 2019 U.S. Dist. LEXIS 87797, 2019 WL 2240563, at *2 (D.N.J. May 24, 2019). The First Step Act added the following relevant subsections to 18 U.S.C. § 3621:

(h) Implementation of risk and needs assessment system-

(1) In general, -- Not later than 180 days after Attorney General completes and releases the risk and needs assessment system [release occurred on July 19, 2019] (referred to in this subsection as the "System") developed under subchapter D, the Director of the Bureau of Prisons shall, in accordance with the subchapter -

(A) Implement and complete the initial intake risk and needs assessment for each prisoner (including for each prisoner who was a prisoner prior to the effective date of this subsection), regardless of the prisoner's length of imposed term of imprisonment, and begin to assign prisoners to appropriate evidence-based recidivism reduction programs based on that determination;

(B) begin to expand the effective evidence-based reduction programs and productive activities it offers and add any new evidence-based recidivism reduction programs and productive activities necessary to effectively implement the System; and

(C) begin to implement the other risk and needs assessment tools necessary to effectively implement the System over time, while prisoners are participating in and completing the effective evidence-based recidivism reduction programs and productive activities.

(2) Phase-in. -- In order to carry out paragraph (1), so that every prisoner has the opportunity to participate in and complete the type and amount of evidence-based recidivism reduction programs or productive activities they need, and be reassessed for recidivism risk and necessary to effectively implement the System, the Bureau of Prisons shall -

(A) provide such evidence-based recidivism reduction programs and productive activities for all prisoners before the date that is 2 years after the date on which the Bureau of Prisons completes a risk and needs assessment for each prisoner under paragraph (1)(A); and

(B) develop and evaluate the risk and needs assessment tool to be used in the reassessments of risk of recidivism, while prisoners are participating in and completing evidence-based recidivism reduction programs and productive activities.

(3) Priority during phase-in. -- During the 2-year period described in

(1)

> paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date.
>
> (4) Preliminary expansion of evidence-based recidivism reduction programs and authority to use incentives. -- Beginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism reduction programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D. 18 U.S.C. § 3621(h)(1-4).  Thus, according to § 3621(h), the BOP was required to create the risk and needs assessment system by January 15, 2022, begin implementing it on that date, and with full implementation complete on January 15, 2022."

Continuing, the Honorable USDC Judge Bumb stated the position of the parties and issued her legal ruling settling their dispute:

> "Respondent contends that the BOP met the First Step Act's requirement [by] by develop[ing] a risk and needs assessment system, 'PATTERN' within 210 days of the law's enactment on December 18, 2018....[T]hat the statute gives the BOP two years after it completes the risk and needs assessment for each prisoner to phase in the program implementation, including by awarding 'Earned Time' credits, that is [to say], by January 15, 2022.
>
> Petitioner agrees that the plain language of 18 U.S.C. § 2621(h)(1) required the BOP to begin implementing the risk and needs assessment program on January 15, 2022.  This is not in dispute.  According to Petitioner, however, under § 3621(h)(2)....January 15, 2022, is not the date when the program takes effect...but it is the outer limit on when BOP must make programming and resulting credits <u>available</u> to all prisoners, citing 18 U.S.C. § 3621(h).
>
> Turning the statutory language....ordinary meaning of phase-in is to implement gradually.  Next, to determine whether the BOP is required to apply Petitioner's Earned Time credits before the January 15, 2022 completion date for the phase-in, the statute must be read in its context and with a view to its place in overall statutory scheme.  In this regard, Section 3621(h)(1)(C) requires the BOP to 'begin to implement tools necessary to effectively implement the System over time, <u>while prisoner are participating in and completing the effective evidence-based recidivism reduction programs and productive activities</u>'.
>
> Furthermore, Section 3621(h)(3) instructs that [d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be <u>accorded based on a prisoner's proximity to release date</u>.  Thus by making it a priority to provide the programs to prisoners based on proximity to their release dates, the statute makes it clear that prisoners who earned sufficient time credits <u>during the phase-in period</u> could be released prior to the end-date for the two-year phase-in.
>
> The Court finds no evidence in the statutory framework for delaying application of incentives earned by all prisoners during the phase-in program until January 15, 2022.

III. Conclusior.

[P]osition that a prisoner can complete the PATTERN program before January 15, 2022 with no benefit to the prisoner is contrary to the statutory language, not to mention the unfairness of such a result....The Court will direct the BOP to immediately apply Petitioner's Earned Time credit of 120 days..."

(Underlined emphasis added)

However, today Immediate Custodian, once again acts through and/or in cohort with case manager Vogt, issues a new executive fiat declaring (1) Credits under act of Congress can not be applied to release dates of sentences of citizen inmates from other states; and (2) no citizen inmate is eligible for any commutation and work credit before January 2022 under First Step Act of Congress. Stating to wit:

> "The First Step Act does not amend your release date. The program is designed to give credit for programming to be applied to community placement. The Federal Bureau of Prisons has until January 2022 to implement and apply the program. The First Step Act credits will be applied one a Residential Reentry Center (RRC) placement is reviewed and referred. The credits cannot be determined prior to a RRC referral."

(A true and correct copy of said Ruling/Statement attached hereto as Exhibit A)

Indeed, Judge Bumb's ruling arose from a controversy created when Immediate Custodian as to Warden and his Staff case manager Vogt declared a citizen Inmate incarcerated in correctional institutions within State of New Jersey was not eligible for commutation and work credits until January 2022. But as clearly shown herein above, both by the law of State of N.J. and the final judgment of the USDC on First Step Act of Congress, **all** Citizens in a correctional institution within the State of New Jersey are eligible and awarded, where work and program time is done in the institution, time credit toward their release date. Cf.:

> N.J.S.A. 30: 4-92 ("The inmates of all correctional institutions with the jurisdiction of the State Board shall be employed in such productive occupation as are consistent with their health, strength and mental capacity and shall receive such compensation therefore as the State Board shall determine. Compensation for inmates of correctional institutions may be in the form of cash, or remission of time from sentence or both.")

> N.J.S.A. 30: 4-140 (which states in relevant part: "For every year or fractional part of a year of sentence imposed upon any person committed to any State correction institution for a minimum--maximum term there shall be remitted to him from both the maximum and minimum term of his sentence, for continuous orderly deportment, the progressived time credits indicated in the schedule herein."); and, see also:

> Hew York, N.H. & H.R. Co. v. State of New York, 165 U.S. 628, 631 ("While the laws of the states must yield to acts of Congress passed in execution of the powers conferred upon it by the Constitution, the mere grant to Congress of the power to regulate commerce with foreign nations and among the states did not, of itself and without legislation by Congress, impair the authority of the states to establish such reasonable regulations as were appropriate for the protection of the health, the lives, and the safety of their people.").

cites any Constitutional grant of lawful Power nor authority of any government U.S. or N.J. for lawful power to execute a Sentence's incarceration term in N.J. against a citizen of another state without allowing other State's citizens the same eligibility for commutation of work credits allowed local citizens; Applicant avers that Immediate Custodian's denial of his eligibility for an earned credits is ultra vires and unconstitutional on its face. That pursuant to Applicant's programming and work performance over the (2) years at FCI Ft Dix, he is entitled to (1) year and (15) days time credit against his sentence expiration date as of this filing.

A true and correct Copy of Immediate Custodian's staff person Case Manager Vogt completed PATTERN RISK SCORING, scoring Applicant status of "LOW [RISK OF RE-CIDIVISM], as well as Sentence Computation Sheet and a smaple of Educational Program accomplished by me as part of Applicant's continuous work and program participation throughout his entire incarceration. Said Copy is attached here as EXHIBIT B.