UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANTHONY DAVIS,                      :
                                    :
        Petitioner,                 :    Civ. No. 21-2174 (NLH)
                                    :
    v.                              :    OPINION
                                    :
DAVID E. ORTIZ,                     :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Anthony Davis
68592-054
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se


Philip R. Sellinger, United States Attorney
Kristin Lynn Vassallo, Assistant United States Attorney
Office Of the U.S. Attorney
District Of New Jersey
970 Broad Street
Newark, NJ 07102

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Anthony Davis pled guilty in the United States

District Court for the Southern District of New York to attempt

and conspiracy to commit bank fraud, 18 U.S.C. § 1349, and

possession of stolen mail matter, 18 U.S.C. § 1708.  Judgment of

Conviction, United States v. Davis, No. 13-cr-00484, (S.D.N.Y.

Oct. 24, 2014) (ECF No. 80).  The district court imposed a total

sentence of 120-months imprisonment followed by a five years of supervised release.  Id.

On February 9, 2021, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence under the First Step Act of 2018 ("FSA").  ECF No. 1. At the time, the BOP calculated Petitioner's projected release date to be February 15, 2023.  ECF No. 1-1 at 4.  The United States opposed the petition.  ECF No. 4.

On January 19, 2022, the BOP finalized a new rule codifying the BOP's procedures regarding the earning and application of time credits under the FSA.  FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 et. seq.  The Court ordered the United States to submit a supplemental brief with the effect this new rule had on Petitioner's claim, if any.  ECF No. 5. Respondent filed its supplement on April 5, 2022, which included a declaration from BOP Senior CLC Attorney Christina Clark. Declaration of Christina Clark ("Clark Dec."), ECF No. 6-1.

"The First Step Act of 2018 (FSA) provides eligible inmates the opportunity to earn 10 or 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs (EBRR programs) and Productive Activities (PAs)."  Id. ¶ 2 (footnotes omitted).  "The earned credits, known as First Step Act Time Credits (FSA TCs), can be applied

2

toward earlier placement in pre-release custody, such as Residential Reentry Centers (RRCs) and home confinement, or toward a term of supervised release." Id. (citing 18 U.S.C. § 3632(d)(4)(C)).  "[U]nder the final rule, inmates will be assigned to EBRR programs and PAs based on an individualized risk and needs assessment.  An eligible inmate may earn FSA TCs 'for programming and activities in which he or she participated from December 21, 2018 until January 14, 2020.'" Id. ¶ 11 (citing 28 C.F.R. § 523.42(b)).

On January 9, 2022, the BOP's Designation & Sentence Computation Center recalculated and adjusted Petitioner's sentence "from a [Good Conduct Time] release date of February 15, 2023, to reflect a First Step Act release ('FSA REL') date of February 15, 2022." Id. ¶ 24.  The BOP's inmate locator indicates that Petitioner was in fact released on February 15, 2022.  Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited June 6, 2022). The United States asks the Court to dismiss the § 2241 petition as moot.  ECF No. 6 at 2.

Petitioner has received the relief he requested from the Court: the application of FSA credits and recalculation of his sentence.  The Court cannot grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with

a period of excess prison time.  United States v. Johnson, 529
U.S. 53 (2000).  Accord DeFoy v. McCullough, 393 F.3d 439, 442
n.3 (3d Cir. 2005) ("[T]he length of a term of supervised
release cannot be reduced 'by reason of excess time served in
prison.'" (quoting Johnson)).  Accordingly, the § 2241 petition
is moot and will be dismissed.

       An appropriate order will be entered.


Dated:  June 8, 2022               s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.